**THE COOPER LAW FIRM, P.C.**
Scott B. Cooper (Cal. Bar No. 174520)
scott@cooper-firm.com
Samantha A. Smith (Cal. Bar No. 233331)
samantha@cooper-firm.com
4000 Barranca Parkway, Suite 250
Irvine, California 92604
Telephone: (949) 724-9200
Facsimile: (949) 724-9255

Attorneys for Plaintiff Julio Hernandez,
On Behalf Of Himself and all Others Similarly Situated

*[Additional Counsel of Record on Next Page]*

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO HERNANDEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPROUTS FARMERS MARKET, INC., a Delaware corporation, and SFM, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. ~~2:16-CV-968~~ **'16 CV 0958 CAB DHB**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**THE CARTER LAW FIRM**
Roger R. Carter (Cal. Bar No. 140196)
roger@cartelawfirm.com
23 Corporate Plaza Drive, Suite 150
Newport Beach, California 92660
Telephone: (949) 629-2565
Facsimile: (949) 629-2501

**PHELPS LAW GROUP**
Marc H. Phelps, (Cal. Bar No. 237036)
marc@phelpslawgroup.com
23 Corporate Plaza Drive, Suite 150
Newport Beach, CA 92660
Telephone: (949) 629-2533
Facsimile: (949) 629-2501

Attorneys for Plaintiff Julio Hernandez,
On Behalf of Himself and all Others Similarly Situated

Plaintiff Julio Hernandez (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, makes the following allegations and claims against Sprouts Farmers Market, Inc. and SFM, LLC (collectively "Defendants" or "Sprouts"), upon personal knowledge, investigation of counsel, and on information and belief:

## NATURE OF THE ACTION

1. Defendants' current and former employees' most sensitive data, including over 21,000 Form W-2's and their related information (which includes Social Security numbers), was compiled and negligently released by Defendants in response to a "phishing scam" and is now in the possession of unknown third parties who are believed to be using the data for illegal purposes (hereinafter "Data Breach").

2. Defendants owed a legal duty to Plaintiff and the other employees who work or worked at any Sprouts location nationwide affected by the breach (the "Class Members") and any and all employees who work or worked at a Sprouts location in California affected by the breach (the "California Subclass Members") to maintain, protect, and safeguard their tax information. Defendants breached that duty by negligently compiling Plaintiff and Class Members' private tax information and sending it off to third parties.

3. As the result of Defendants' failure to protect Plaintiff and the Class Members' private tax information, Plaintiff's and the other Class Members' private tax information and social security numbers were compromised, placing them at an increased risk of fraud and identity theft, and causing direct financial expenses associated with credit monitoring, replacement of compromised credit, debit and bank card numbers, and other measures needed to protect against the misuse of their private tax information.

4. Given many significant recent data breach events among other retailers, Defendants knew or should have known that such a security breach was

likely and should have taken adequate precautions to protect their current and former employees' tax information and social security numbers.

## JURISDICTION

5. This Court has diversity jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). Plaintiff and Defendants are citizens of different states. The amount in controversy exceeds $5 million, and there are more than 100 putative class members.

6. This Court has personal jurisdiction over the Defendants because Defendants are licensed to do business in California or otherwise conduct business in California.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because unlawful practices are alleged to have been committed in this federal judicial district, and Defendants regularly conduct business in this district.

## PARTIES

8. Plaintiff Julio Hernandez is a resident of the State of California who is a former employee of a Sprouts Farmers Market in San Diego, California. Sprouts employed Plaintiff from approximately December, 2013 to February, 2016.

9. Defendants Sprouts Farmers Market, Inc. and SFM, LLC are entities organized under the laws of Delaware, with principal offices located in Phoenix, Arizona. As of January 25 2016, Defendants were operating 224 Sprouts Farmers Markets in thirteen states, including California.

## FACTUAL ALLEGATIONS

10. On information and belief, in or around the week of March 14, 2016, Defendants compiled and sent its current and former employees' 2015 IRS Form W-2's (and all information contained therein) to an unknown person in response to a "phishing scam." The number of workers affected is believed to be over 21,000.

11. According to reports, an employee of Defendants received an email purportedly from a Sprouts senior executive asking for the 2015 W-2 statements of all Sprouts workers. The data was compiled and sent, after which the company realized the error.

12. It is well known that phishing scams are fraudulent email messages appearing to come from legitimate enterprises (e.g., your university, your Internet service provider, your bank). These messages usually direct one to a spoofed website or otherwise get them to divulge private information (e.g., a password, credit card number, or other account updates). The perpetrators then use this private information to commit identity theft.

13. Defendants knew, or should have known, that they were susceptible to such attacks as various retailers, banks and hospitals have been hit recently in similar attacks. In the information age, such attacks are commonplace and Defendants knew or should have known that fact and taken precautions to prevent becoming unwitting accomplices to the scam.

14. Indeed, upon information and belief, Defendants failed to take any of the necessary precautions to prevent such an attack, such as training employees, implementing a system to scrutinize questionable requests (such as a request for 21,000 W-2 forms) and utilizing technology so that personal information is not transmitted without prior encryption.

15. Defendants not only failed to take any precautions to prevent this attack, but have subsequently failed to make any appropriate efforts to remedy it.

16. Sprouts offered current and former employees twelve months of credit monitoring and insurance through Experian's ProtectMyID Alert. But credit monitoring and insurance cannot prevent identity theft or fraud, even for over a twelve month period. Credit monitoring only informs a consumer of instances of fraudulent opening of new accounts, and identity theft insurance reimburses losses after they have occurred. Neither prevent identity theft or fraud

by: (i) detecting sales of W-2 tax information on the black market before the information is used to commit identity theft or identity fraud; (ii) monitoring public records, loan data, or criminal records; (iii) flagging existing accounts for fraud in order to prevent identity thieves' use of compromised W-2 tax information before an unauthorized transaction can be completed; or (iv) freezing credit, which prevents identity thieves' ability to open new accounts with compromised W-2 tax information.

17.  Sites ranking companies that provide identity protection services have noted that while many of these companies do offer services to prevent identity theft and fraud, ProtectMyID's services (ranked just 29th overall) focus more on credit monitoring rather than a more balanced and comprehensive approach to protection. Specifically, ProtectMyID lacks an analytical system (such as ID Analytics) that can search the dark web and protect private information, and provide real time alerts to victims when their identity has been compromised.

18.  To protect himself following the Data Breach, Plaintiff signed up for identity theft protection through his bank, Wells Fargo, for $12.99 per month. To date, Plaintiff has heard nothing from Defendants about the breach other than a form letter dated March 28, 2016, which was sent out to the employees. He has already expended several hours attempting to safeguard himself from identity theft and other harms caused by the release of his Form W-2 related tax information and social security number. Going forward, Plaintiff anticipates spending considerable time in an effort to contain the impact of Defendants' Data Breach on himself. Plaintiff suffers from an increased risk of future identity theft as a result of Defendants' actions.

## CLASS ACTION ALLEGATIONS

19.  Plaintiff brings this suit as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and all others similarly situated, as members of a Class initially defined as follows:

>All current and former employees of Defendants in the United States whose 2015 Form W-2s and related information were transmitted to a third party in or around the week of March 14, 2016.

20. Plaintiff also seeks to certify a California Subclass consisting of all Members of the Class who are residents of California under the respective data breach statute of California set forth in Count II. This class is defined as follows:

>All current and former employees of Defendants who were residents of California as of March 14, 2016, and whose 2015 Form W-2s and related information were transmitted to a third party in or around the week of March 14, 2016.

21. <u>Numerosity</u>. The Class is sufficiently numerous, as approximately 21,000 Sprouts employees and former employees have had their private tax information and social security numbers compromised. The putative Class members are so numerous and dispersed throughout the United States that joinder of all members is impracticable. Putative Class members can be identified by records maintained by Defendants.

22. <u>Common Questions of Fact and Law</u>. Common questions of fact and law exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class, pursuant to Rule 23(b)(3). Among the questions of fact and law that predominate over any individual issues are:

(1) Whether Sprouts failed to exercise reasonable care to protect Plaintiff's and the Class' Form W-2 related information;

(2) Whether Sprouts timely, accurately, and adequately informed Plaintiff and the Class that their private tax information and social security numbers had been compromised;

(3) Whether Sprouts' conduct with respect to the Data Breach was unfair and deceptive;

   (4) Whether Sprouts owed a legal duty to Plaintiff and the Class Members to protect their private tax information and social security numbers and whether Defendant breached this duty;

   (5) Whether Sprouts was negligent;

   (6) Whether Plaintiff and the Class Members are at an increased risk of identity theft as a result of Sprouts' breaches and failure to protect Plaintiff's and the Class Members' private tax information and social security numbers; and

   (7) Whether Plaintiff and the Class Members are entitled to the relief sought, including injunctive relief.

  23. <u>Typicality</u>. Plaintiff's claims are typical of the claims of the Class Members because Plaintiff and the Class Members sustained damages arising out of Defendants' wrongful conduct as detailed herein. Specifically, Plaintiff's and the Class' claims arise from Sprouts' failure to install and maintain reasonable security measures to protect Plaintiff's and the Class Members' private tax information and social security numbers, and to timely notify them when the security breach occurred.

  24. <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel competent and experienced in class action lawsuits. Plaintiff has no interests antagonistic to or in conflict with those of the Class and therefore is an adequate representative for the Class.

  25. <u>Superiority</u>. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the joinder of all members of the putative Class is impracticable. Furthermore, the adjudication of this controversy through a class action will avoid the possibility of an inconsistent and potentially conflicting adjudication of the claims asserted herein. There will be no difficulty in the management of this action as a class action.

# CAUSES OF ACTION

## Count I: Negligence

### (On Behalf of Plaintiff and the Class Members)

26. Plaintiff and the Class Members re-allege and incorporate by reference the allegations contained in each of the preceding paragraphs of this Complaint as if fully set forth herein.

27. Defendants owed a duty to the Class Members to exercise reasonable care in obtaining, securing, safeguarding, deleting and protecting Plaintiff's and the Class Members' private tax information and social security numbers within their possession or control from being compromised, lost, stolen, accessed and misused by unauthorized persons. This duty included, among other things, designing, maintaining and testing Sprouts' security systems to ensure that Plaintiff's and Class Members' private tax information and social security numbers in Sprouts' possession were adequately secured and protected. Sprouts further owed a duty to Plaintiff and the Class Members to implement processes that would detect a breach of its security system in a timely manner and to timely act upon warning and alerts including those generated by its own security systems.

28. Sprouts owed a duty to Plaintiff and the Class Members to provide security, including consistent with of industry standards and requirements, to ensure that its systems and networks, and the personnel responsible for them, adequately protected the private tax information and social security numbers of its current and former employees.

29. Sprouts owed a duty of care to Plaintiff and the Class Members because they were foreseeable and probable victims of any inadequate security practices. Sprouts knew or should have known it had inadequately safeguarded its employees' private tax information and social security numbers, and yet Sprouts failed to take reasonable precautions to safeguard current and former employees' private tax information and social security numbers.

30. Sprouts owed a duty to timely and accurately disclose to Plaintiff and the Class Members that their private tax information and social security numbers had been or were reasonably believed to have been compromised. Timely disclosure was required, appropriate and necessary so that, among other things, Plaintiff and the Class Members could take appropriate measures to avoid identify theft or fraudulent charges, including, monitoring their account information and credit reports for fraudulent activity, contact their banks or other financial institutions, obtaining credit monitoring services, filing reports with law enforcement and other governmental agencies and take other steps to mitigate or ameliorate the damages caused by Sprouts' misconduct.

31. Plaintiff and the Class Members entrusted Sprouts with their private tax information and social security numbers with the understanding that Sprouts would safeguard their information and that the company was in a position to protect against the harm suffered by Plaintiff and the Class Members as a result of the Data Breach.

32. Sprouts knew, or should have known, of the inherent risks in collecting and storing the private tax information and social security numbers of Plaintiff and the Class Members and of the critical importance of providing adequate security of that information.

33. Sprouts' own conduct also created a foreseeable risk of harm to Plaintiff and the Class Members. Sprouts' misconduct included, but was not limited to, its failure to take the steps and opportunities to prevent and stop the Data Breach as set forth herein. Sprouts' misconduct also included its decision not to comply with industry standards for the safekeeping and maintenance of the private tax information and social security numbers of Plaintiff and the Class Members.

34. Through its acts and omissions described herein, Sprouts unlawfully breached its duty to use reasonable care to protect and secure Plaintiff's and the

Class Members' private tax information and social security numbers within its possession or control. More specifically, Defendant failed to maintain a number of reasonable security procedures and practices designed to protect the private tax information and social security numbers of Plaintiff and the Class Members, including, but not limited to, establishing and maintaining industry-standard systems to safeguard its current and former employees' private tax information and social security numbers. Given the risk involved and the amount of data at issue, Sprouts' breach of its duties was unreasonable.

35. Sprouts breached its duties to timely and accurately disclose that Plaintiff's and Class Members' private tax information and social security numbers in Sprouts' possession had been or was reasonably believed to have been, stolen or compromised.

36. As a direct and proximate result of Defendants' breach of its duties, Plaintiff and the Class Members have been harmed by the release of their private tax information and social security numbers, causing them to expend personal income on credit monitoring services and putting them at an increased risk of identity theft. Plaintiff and the Class Members have spent time and money to protect themselves as a result of Defendants' conduct, and will continue to be required to spend time and money protecting themselves, their identities, their credit, and their reputations.

**Count II: Violation of Cal. Civ. Code § 1798.80 *et seq.***

**(On Behalf of Plaintiff and the California Subclass Members)**

37. Plaintiff and the California Subclass Members re-allege and incorporate by reference the allegations contained in each of the preceding paragraphs of this Complaint as if fully set forth herein.

38. "[T]o ensure that personal information about California residents is protected," the California Legislature enacted Civil Code section 1798.81.5, which requires that any business that "owns or licenses personal information about a

California resident shall implement and maintain reasonable security procedures and practices appropriate to the nature of the information, to protect the personal information from unauthorized access, destruction, use, modification, or disclosure."

39. Sprouts is a "business" within the meaning of Civil Code section 1798.80(a).

40. Plaintiff and each member of the California Subclass is an "individual" as defined by Civil Code section 1798.80(d).

41. The employee information taken in the Data Breach was "personal information" as defined by Civil Code sections 1798.80(e) and 1798.81.5(d), which includes "information that identifies, relates to, describes, or is capable of being associated with, a particular individual, including, but not limited to, his or her name, signature, Social Security number, physical characteristics or description, address, telephone number, passport number, driver's license or state identification card number, insurance policy number, education, employment, employment history, bank account number, credit card number, debit card number, or any other financial information, medical information, or health insurance information."

42. The unauthorized acquisition of Plaintiff's and the California Subclass Members' private tax information and social security numbers constituted a "breach of the security system" of Sprouts.

43. Sprouts unreasonably delayed informing anyone about the breach of security of California Subclass Members' confidential and non-public information after Sprouts knew the Data Breach had occurred.

44. Defendant failed to disclose to California Subclass Members, without unreasonable delay, and in the most expedient time possible, the breach of security of their unencrypted, or not properly and securely encrypted, private tax

information and social security numbers when they knew or reasonably believed such information had been compromised.

45. Upon information and belief, no law enforcement agency instructed Sprouts that notification to California Subclass Members would impede its investigation.

46. Pursuant to Section 1798.84 of the California Civil Code:

> (a) Any waiver of a provision of this title is contrary to public policy and is void and unenforceable.
>
> * * *
>
> (e) Any business that violates, proposes to violate, or has violated this title may be enjoined.

47. As a result of Sprouts' violation of Cal. Civ. Code § 1798.82, California Subclass Members incurred damages relating to time and expenses for credit monitoring and other identity theft prevention services.

48. Plaintiff, individually and on behalf of the other California Subclass Members, seek all remedies available under Cal. Civ. Code § 1798.84, including, but not limited to: (a) damages suffered by California Subclass members as alleged above and (b) equitable relief.

### Count III: Violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*
### (On Behalf of Plaintiff and the Class Members)

49. Plaintiff and the Class Members re-allege and incorporate by reference the allegations contained in each of the preceding paragraphs of this Complaint as if fully set forth herein.

50. Plaintiff brings this cause of action on behalf of himself and the Class Members.

51. Business & Professions Code § 17200 prohibits any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading

advertising." For the reasons discussed above, Defendants have violated Business & Professions Code § 17200.

52. Sprouts engaged in unlawful, unfair, and fraudulent business practices in violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq. ("UCL").

53. Sprouts' acts, omissions and conduct constitute unlawful, unfair, and fraudulent business practices under the UCL.

54. Sprouts' acts, omissions and conduct were unlawful because they violated the California Customer Records Act and because they were negligent.

55. Sprouts' practices were unlawful and in violation of Civil Code section 1798.81.5(b) because Sprouts failed to take reasonable security measures in protecting its current and former employees' private tax information and social security numbers.

56. Sprouts' practices were also unlawful and in violation of California Civil Code section 1798.82 because Sprouts unreasonably delayed informing Plaintiff and the Class Members about the breach of security after Sprouts knew the Data Breach occurred.

57. Sprouts' acts, omissions and conduct constitute violations of the unlawful prong of the UCL because Sprouts failed to comport with a reasonable standard of care and public policy as reflected in statutes like the Information Practices Act of 1977 and the California Customer Records Act, which were enacted to protect individuals' personal information and ensure that entities that solicit or are entrusted with personal information use reasonable security measures.

58. In unduly delaying informing Plaintiff and the Class Members of the Data Breach, Sprouts engaged in unfair business practices by engaging in conduct that undermines or violates the stated policies underlying the California Customer Records Act and other privacy statutes. In enacting the California Customer

CLASS ACTION COMPLAINT

Records Act, the Legislature stated that "[i]dentity theft is costly to the marketplace and to consumers" and that "victims of identity theft must act quickly to minimize the damage; therefore expeditious notification of possible misuse of a person's personal information is imperative." 2002 Cal. Legis. Serv. Ch. 1054 (A.B. 700) (West). Sprouts' conduct also undermines California public policy as reflected in other statutes such as the Information Practices Act of 1977, which was enacted to protect individuals' data and ensure that entities who solicit or are entrusted with personal data use reasonable security measures

59. Sprouts' acts, omissions, and conduct also constitute unfair business acts or practices because they offend public policy and constitute unscrupulous activities that caused substantial injury, including to Plaintiff and Class Members. The gravity of harm resulting from Sprouts' conduct outweighs any potential benefits attributable to the conduct and there were reasonably available alternatives to further Sprouts' legitimate business interests.

60. Sprouts has engaged in fraudulent business practices by failing to disclose material information regarding Sprouts' deficient security policies and practices, the security of the private tax information and social security numbers of Plaintiff and the Class Members, and the Data Breach.

61. Sprouts had exclusive knowledge of material information regarding its deficient security policies and practices, and regarding the security of the private tax information and social security numbers of Plaintiff and the Class members.

62. Sprouts also had exclusive knowledge about the extent of the Data Breach, including during the days and weeks following the Data Breach.

63. Sprouts also had exclusive knowledge about the length of time that it maintained former employees' private tax information and social security numbers after they left Sprouts' employment.

64. Sprouts failed to disclose, and actively concealed, the material information it had regarding Sprouts' deficient security policies and practices, and

13
CLASS ACTION COMPLAINT

regarding the security of the private tax information and social security numbers of Plaintiff and the Class Members.

65. Sprouts' omissions were material, misleading, and had a tendency to deceive.

66. Plaintiff was misled by Sprouts' omissions about Sprouts' data security, and reasonably relied upon them to his detriment. But for Sprouts' omissions, Plaintiff would have insisted that his private tax information and social security number be more securely protected and removed from Sprouts' systems promptly after his employment ended. He also would have taken additional steps to protect his identity and to protect himself from the sort of harm that could flow from Sprouts' lax security measures. But for Sprouts' omissions, Plaintiff would not be experiencing the increased risk of harm he is now facing, as a result of the Data Breach, and could have taken more immediate measures to prevent potential harm.

67. As a direct and proximate result of Sprouts' unlawful, unfair, and fraudulent business practices as alleged herein, Plaintiff and the Class Members have suffered injury in fact. They have been injured in that their personal and financial information has been compromised, subject to identity theft, identity fraud, and/or is at risk for future identity theft and fraudulent activity on their financial accounts. On information and belief, Class Members have also spent time and effort and lost money and property that would not have happened but for Sprouts' unlawful and unfair conduct.

68. As a direct and proximate result of Sprouts' unlawful, unfair, and fraudulent business practices as alleged herein, Plaintiff and the Class Members already suffer from identity theft, identity and financial fraud, and/or a continuing increased risk of identity theft and identity and financial fraud due to the compromise, publication, and/or unauthorized dissemination of their private tax information and social security numbers.

69. As a result of Sprouts' violations of the UCL, Plaintiff and the Class Members are entitled to injunctive relief, including, but not limited to an order that Sprouts: (1) engage third party security auditors/penetration testers as well as internal security personnel to conduct testing consistent with industry practices, including simulated attacks, penetration tests, and audits on Sprouts' systems on a periodic basis; (2) engage third party security and self-auditors to run automated security monitoring consistent with industry standards; (3) audit, test, and train security personnel regarding any new or modified procedures; (4) purge, delete and destroy, in a secure manner, employee data not necessary for business operations; (5) conduct regular database scanning and checks consistent with industry standards; (6) periodically conduct internal training and education to inform internal security personnel how to identify and contain a breach when it occurs and what to do in response to a breach consistent with prudent industry practices; (7) receive periodic compliance audits by third parties regarding the security of the computer systems Sprouts uses to store private tax information and social security numbers of its current and former employees; (8) meaningfully educate current and former employees about the threats they could face as a result of the loss of their private tax information and social security numbers to third parties, as well as the steps they should take for self-protection; and (9) provide ongoing identity theft protection, monitoring, and recovery services, to Plaintiff and the Class members, as well as their dependents and designated beneficiaries of employment-related benefits through Sprouts.

70. Because of Sprouts' unlawful, unfair, and fraudulent business practices, Plaintiff and the Class Members are entitled to relief, including attorneys' fees and costs, restitution, declaratory relief, and a permanent injunction enjoining Sprouts from its unlawful and unfair practices. Plaintiff also seeks reasonable attorneys' fees and costs under applicable law including Federal Rule of Civil Procedure 23 and California Code of Civil Procedure § 1021.5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class set forth herein, respectfully request the following relief:

1. That the Court certify this case as a class action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), and, pursuant to Federal Rule of Civil Procedure 23(g), appoint Plaintiff and Plaintiff's counsel of record to represent the Class ("Class Counsel");

2. That the Court find that Sprouts breached its duty to safeguard and protect Plaintiff's and the Class Members' private tax information and social security numbers that were compromised in the security breach that became public knowledge starting on March 28, 2016;

3. That the Court award Plaintiff and the Class Members appropriate relief, including any actual and statutory damages, restitution and disgorgement;

4. That the Court award equitable, injunctive and declaratory relief as may be appropriate under the applicable laws;

5. Awarding damages to Plaintiff and the Class;

6. Awarding all costs, including experts' fees and attorneys' fees, and the costs of prosecuting this action, to Plaintiff and the Class and Class Counsel;

7. Awarding pre-judgment and post-judgment interest as prescribed by law; and

8. Granting additional legal or equitable relief as this Court may find just and proper.

Dated: April 20, 2016     THE COOPER LAW FIRM, P.C.


By: _/s/ Samantha A. Smith_
Samantha A. Smith
Samantha@cooper-firm.com
Co-Counsel for Plaintiff

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: April 20, 2016          THE COOPER LAW FIRM, P.C.

By:  */s/ Samantha A. Smith*
     Samantha A. Smith
     Samantha@cooper-firm.com
     Co-Counsel for Plaintiff